IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-02109-MEH

JESSICA L. BONHAM,

    Plaintiff,

 v.

GEICO CASUALTY COMPANY,

    Defendant.

___

## STIPULATED CONFIDENTIALITY ORDER
___

**Michael E. Hegarty, United States Magistrate Judge**.

Whereas, this lawsuit may involve the disclosure and/or production of documents and/or information that the Parties believe contain confidential information such as (1) Defendant's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data; (2) trade secret or other confidential research, development or other commercial information of the Defendant under Federal Rule of Civil Procedure 26(c); (3) the confidential, non-public, private health, financial or other information of Defendant's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract; and/or (4) the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party.

Whereas, the Parties desire the entry of a confidentiality order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect material required by law or otherwise entitled or required to be kept confidential.

Therefore, based upon the generalized showing of good cause for entry of a confidentiality order, it is hereby,

ORDERED that the following provisions shall govern the Parties' claims of confidentiality in this proceeding:

1. "Confidential" or "Confidential Information" or "Confidential Documents" as used herein, means any information of any type, kind or character which a party reasonably and in good faith believes to be confidential and which is designated as "Confidential" by Plaintiff or Defendant whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a discovery answer or otherwise, which information has not been made available to the public at large and which includes, but is not limited to, (a) Defendant's confidential, nonpublic, commercially-sensitive financial, business, or analytical information, or proprietary information and data, including but not limited to, information regarding the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training manuals or marketing information, pricing information, insurance rating information, internal forecasts, profit information, marketing strategies and approaches; (b) trade secret or other confidential research, development or other commercial information of the Defendant as described in Federal Rule of Civil

2

Procedure 26(c); (c) the confidential, non-public, private health, financial or other information of Defendant's policyholders, insureds, claimants and/or employees or former employees that may be protected by state and/or federal law or by contract, or which would not generally be disclosed to the public; and/or (d) information that is the confidential, proprietary, commercially-sensitive, and/or trade secret information of a third party.

2. In the event that materials containing Confidential Information are produced and/or disclosed, all such materials, including documents produced or exchanged in the course of this litigation, pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions, shall be deemed Confidential Information pursuant to the terms of this Order. Confidential Information shall be used solely for the purposes of this litigation only, and no other litigation or claim, and shall not be revealed, disclosed or made available for inspection or copying to any person except under the terms of this Order as required to be disclosed by the Court.

3. As used in this Order, the "producing party" means any party who either produces Confidential Information or asserts a confidentiality interest in information produced by another in this action. Parties will only label or identify documents or information as Confidential which they, in good faith, believe falls within the definition of Confidential set forth in paragraph 1 above. The opposing party's failure to challenge the propriety of a designation by the producing party immediately shall not preclude a subsequent challenge by the opposing party. Confidential Documents or parts thereof will

be designated by marking each page of the document as "Confidential." Electronic information may be marked Confidential in a manner consistent with the manner in which the information is maintained.

    4.    No person other than (a) the parties to this case, (b) counsel of record (which shall be deemed to include other attorneys from the law firm of counsel of record, counsel's legal assistants, and other employees), (c) any person (and his or her counsel) from whom testimony under oath is taken at a deposition, trial or other evidentiary hearing in connection with this case, (d) court personnel and court reporters, (e) consultants or experts retained or consulted by any party in connection with this case and persons working directly under their supervision, (f) any independent contractors retained by a party or their counsel to work on this case, and (g) mediators utilized by the Parties in the litigation of this matter, shall be permitted to have access to any information designated as Confidential under the terms of this Order without the prior written consent of the producing party or its counsel or by order of the court. Prior to disclosing any Confidential Information or Document to any person identified in categories c, e, f and g of this paragraph, counsel shall first require such persons to review a copy of this Stipulated Confidentiality Order and execute an Acknowledgement in the form attached to this Order as Exhibit "A." Signed Acknowledgment forms shall be kept by the disclosing attorney.

    5.    If a party believes that a document or information designated Confidential by the producing party does not warrant such designation, that party shall give written notice to the party designating the disputed information. The written notice shall identify the

information to which the objection is made, after which the Parties shall first make a good faith effort to resolve the dispute. Disputes which cannot be resolved informally may be presented for resolution to the Court by motion filed by the party designating the information as Confidential. The party designing the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

6. Notice of objection to a Confidentiality designation can also be made at a deposition when information is designated at a deposition as Confidential. At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in paragraph 1 above. This designation shall be in writing and served upon opposing counsel. No objection shall be interposed at deposition that an answer would elicit Confidential information. Transcripts will be treated as Confidential for this 30 day period. Any portions of a transcript designated Confidential shall thereafter be treated as Confidential in accordance with this Stipulated Confidentiality Order.

7. In filing materials with the Court in pretrial proceedings, counsel shall file under seal, or redact or otherwise code to ensure that the secrecy of the information is maintained, only those specific documents and that deposition testimony designated Confidential, and only those specific portions of briefs, applications, and other filings that contain Confidential Information or Documents, or that set forth the substance of such

Confidential Information.

8.     Nothing herein shall restrict a party: (a) from using or disclosing Confidential Documents or Information obtained by such party independent of discovery or disclosure in this action, whether or not such documents or information is also obtained through discovery or disclosure in this action; or (b) from disclosing its own Confidential Documents or Information as it deems appropriate; or (c) from making disclosures ordered by the Court.

9.     In the event a party knowingly and intentionally chooses to disclose its own Confidential Documents or Information in a non-confidential manner, it shall be deemed to have waived the right to claim confidentiality to that specific document or information. The inadvertent and unintentional disclosure of a Confidential Document or Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

10.    Review of the Confidential Documents or Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or information or objections to production. Disclosure of Confidential Documents or Information shall not constitute a waiver by the Parties of any objection which might be raised as to the admissibility of any evidential materials. This Order shall not prejudice the rights of a party or person to oppose or object to production of any Confidential Documents or Information for lack of relevance or for any other ground or reason.

11.     If at any time in the future any person demands by subpoena or other compulsory process (collectively, "subpoena") the production of Confidential Documents or Confidential Information governed by this Protective Order, the party served with the non-party subpoena must notify the party that produced the Confidential Documents and/or Confidential Information within seven (7) business days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the party who produced the Confidential Documents and/or Confidential Information with sufficient information and an opportunity to protect the interests of the producing party by opposing the subpoena, if and only if, the party served was given notice by the party issuing the subpoena.

12.     Within sixty (60) days of the termination of this litigation in its entirety, including any appellate process, upon written request, the originals and all copies of Confidential Documents or documents referencing Confidential Information, shall be destroyed or shall be given to the party who produced such Confidential Information or Documents. All individuals who have received Confidential Documents or Confidential Information shall certify in writing that all such documents or information has been returned or destroyed. The counsel for the party receiving such certifications shall maintain copies of the same and shall have them available to provide to the party whose Confidential Documents or Confidential Information was provided to the individual.

13. Any party or person who received Confidential Information or Confidential Documents covered by this Order agrees to submit the jurisdiction of this Court with respect to any dispute involving the subject matter of this Stipulated Confidentiality Order.

IT IS SO ORDERED.

Dated at Denver, Colorado, this 14th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Agreed:

/s/ Gregory K. Falls

_____
Gregory K. Falls
Deisch, Marion & Klaus, P.C.
Attorneys for Defendant

/s/ Brian D. Pushchak

_____
Brian D. Pushchak
Pushchak Law Firm, LLC
Attorneys for Plaintiff

EXHIBIT A TO STIPULATED CONFIDENTIALITY ORDER

ACKNOWLEDGMENT OF STIPULATED CONFIDENTIALITY ORDER

*JESSICA L. BONHAM v. GEICO CASUALTY COMPANY,*

NO. 15-cv-02109

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

1. My full name is _____.

2. My address is _____
_____.

3. My present employer is _____
_____.

4. My present occupation or job description is _____
_____.

5. I have received a copy of the Stipulated Confidentiality Order entered in Case No. 15-cv-02109, United States District Court for the District of Colorado. I have carefully read and understand the provisions of the Stipulated Confidentiality Order. I will comply with all of the provisions of the Stipulated Confidentiality Order.

6. I will not disclose any Confidential Documents or Confidential Information to any persons, except as allowed under this Stipulated Confidentiality Order. I will use any such Confidential Documents and Confidential Information only with respect to my services in Case No. 15-cv-02109, United States District Court for the District of Colorado.

7. I will either destroy or return all Confidential Documents and Confidential Information that comes into my possession to the attorney representing the party that has employed or retained me or who provided such documents to me. I will likewise destroy or provide all documents or notes which I have prepared which contain or reference such Confidential Documents or Information to such attorney. I will provide a written statement

9

to such attorney that I have either returned or destroyed all copies of Confidential Documents or Information along with any notes or documents I have created which reference said Confidential Documents or Information.

8. I agree to submit to the jurisdiction of the United States District Court for the District of Colorado, for the purposes of enforcement of this Stipulated Confidentiality Order.

DATED this _____ day of _____, 2015.

_____
Signature – Jessica L Bonham