IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02109-MEH

JESSICA L. BONHAM,

　　　　Plaintiff,

v.

GEICO CASUALTY COMPANY,

　　　　Defendant.

---

## ORDER ON DEFENDANT'S MOTION TO BIFURCATE

---

**Michael E. Hegarty, United States Magistrate Judge.**

　　　　Before the Court is Defendant's Motion to Bifurcate ("Motion") [filed October 30, 2015; docket #24]. Defendant seeks bifurcation pursuant to Fed. R. Civ. P. 42(b) of the underlying underinsured motorist ("UIM") claims from the extra-contractual claims of bad faith and violations of Colo. Rev. Stat. §§ 10-3-1115 and 116, and to stay discovery related to the extra-contractual claims. The Motion is fully briefed. For the reasons set forth below, the Motion is **denied**.[1]

## BACKGROUND

　　　　The parties' briefs regarding the pending Motion both relay the following facts. *See generally* dockets ## 24, 25. This case arises from a November 16, 2014 motor vehicle accident in which Plaintiff and six other individuals were involved. Plaintiff brought claims against the other driver, resolving them with the consent of her insurance company, GEICO Casualty Company, on

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action. Docket #16.

July 2, 2015, pursuant to pre-litigation mediation.   Shortly after, Plaintiff received GEICO's evaluation of her UIM claim and attempted to negotiate a settlement.   Negotiations failed, leading Plaintiff to file suit against GEICO ("Defendant") in Boulder County District Court; Defendant subsequently removed the case to this Court.   *See* docket #1.   Defendant now seeks bifurcation of the UIM claim from the breach of contract and statutory violations.   Docket #24 at 1.

## LEGAL STANDARDS

Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order a separate trial of one or more separate issues or claims.   Fed. R. Civ. P. 42(b); *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000).   The Tenth Circuit's analysis focuses on three central elements to determine whether to bifurcate.   First, will there be convenience and economy?   Second, are the issues separable?   Third, will bifurcation be essentially unfair to one side?   *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964-65 (10th Cir. 1993).   A judge has wide discretion in deciding whether to bifurcate.   *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). While it is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable," a judge abuses his or her discretion if bifurcation is unfair or prejudicial to a party.   *Angelo*, 11 F3d at 964.   Severance is not "the norm or even a common occurrence."   *The Marianist Province of the United States, Inc. v. Ace USA*, 08-cv-01760-WYD-MEH, 2010 WL 2681760, at *1 (D. Colo. July 2, 2010) (citing Fed. R. Civ. P. 42(b) advis. comm. notes (noting that bifurcation should not be routinely ordered)).

## DISCUSSION

Turning first to considerations of convenience and economy, the Tenth Circuit stated that separation of claims or issues is appropriate "where experience has demonstrated its worth." *Angelo*,

11 F.3d at 964 (citation omitted).  Defendant asserts bifurcation would be more efficient and cost effective for GEICO as it could avoid the expense of retaining bad faith experts and wait to conduct depositions, particularly as it argues Plaintiff's claims involve "a fairly debatable dispute over subjective non-economic damages and apportionment/causation of injury" that may not proceed after the underlying UIM claim is adjudicated.  Docket #24 at 3.  Plaintiff counters that the expenses associated with discovery of the bad faith claims "are inconsequential when compared to the expenses and inefficiencies of two trials where duplicative evidence will be presented."  Docket #25 at 3.  Plaintiff further argues bifurcation would require her to bear the expense of discovery and trial costs to retain experts in both cases, as well as unnecessarily consuming Court resources.  *Id*.  The Court agrees with Plaintiff.

Regarding the second issue of separability, neither party provided specific argument. Defendant appears to argue, simply by the nature of its Motion, that the claims can easily be separated.  *See generally* docket #24.  Plaintiff similarly seems to concede that it is possible for the Court to bifurcate.  *See generally* docket #25.  The Court concludes that the claims *could* be separated.

Concerning fairness to the parties, Defendant argues it will be prejudiced if the jury hears evidence of its claims evaluations, reserves, and settlement offers made to Plaintiff.  Docket #24 at 4.  Defendant further asserts that this prejudice cannot be cured with a jury instruction as the introduction of such evidence could – and likely would – improperly influence the jury.  *Id*.  Plaintiff again counters that she will be prejudiced by bifurcation as she would be forced to undergo great expense.  Docket #25 at 3.  The Court is not convinced of Defendant's argument that there is a substantial risk of juror confusion or prejudice.  Juries are frequently asked to decide far more

3

complex and intertwined issues than those presented in this case, regularly rising to the occasion and parsing the intricacies of instructions to guide them as to when to consider particular evidence and when to disregard it. Meanwhile, the prejudice to Plaintiff in time, effort, and expense is not inconsequential.

While Defendant asserts that motions to bifurcate have "gone both ways" in this District [docket #24 at 3], the Court notes that the cases Defendant cites do not stand clearly for that proposition. Defendant correctly characterized *Batchelor v. Viking Ins. Co. of Wisconsin*, 11-cv-02091-PAB-MWJ, 2012 WL 2054807 (D. Colo. 2012), in which Judge Philip A. Brimmer denied bifurcation in a case similar to the case before this Court. However, Defendant then attempts to frame *Seabron v. Am. Family Mut. Ins. Co.*, 11-cv-01096-WJM-KMT, 2014 WL 3859639 (D. Colo. 2014), where bifurcation was denied, as a case on which this Court should rely. A closer read of *Seabron* shows that Judge William J. Martinez granted bifurcation in that case in large part because of a multitude of *plaintiffs*, which is not applicable in the case before this Court. Meanwhile, the Court also takes notice of two cases similar to that before this Court yet not cited by Defendant. In *Baros v. Sentry Ins.*, 11-cv-02487-LTB-KLM, 2012 WL 846706 (D. Colo. 2012), Senior Judge Lewis T. Babcock denied a motion to bifurcate. Additionally, Judge Robert E. Blackburn denied bifurcation in *Steinert v. Mountain States Mut. Cas.*, 07-cv-01454-REB-MJW, 2008 WL 2782733 (D. Colo. 2008). Thus, the Court concludes it is in good company in finding that bifurcation in UIM cases is generally disfavored in this District. More importantly, however, Defendant has not justified a departure from the norm on this record.

## CONCLUSION

Therefore, based on the foregoing and the entire record herein, Defendant's Motion to

Bifurcate [filed October 30, 2015; docket #24] is **denied**.

Entered and dated at Denver, Colorado, this 4th day of January, 2016.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge